

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable E.L. Shelton
County Auditor
Johnson County.
Cleburne, Texas

Dear Sir:

Opinion No.  O-2997
Re: Authority of commissioners' court
of Johnson County, Texas, to appoint
juvenile officer or probation offi-
cer.

We have received your letter of recent date request-
ing our opinion upon the authority, if any, of the commission-
ers' court of Johnson County, Texas, to appoint a juvenile
officer or a probation officer for said county.

Johnson County, having a population of Thirty Thousand,
Three Hundred and sixty-one (30,361), according to the 1940
Federal Census, does not come under the provisions of Article
5139, Vernon's Civil Statutes, 1925, which provides for the
creation of a County Juvenile Board in counties having a popula-
tion of One Hundred Thousand (100,000) or over.

Probation officers are not appointed by the county
commissioners' court, but are appointed by the county judge
and confirmed by the Juvenile Board of the county; therefore,
as Johnson County has no Juvenile Board, said county is not
eligible for a probation officer.  (Art. 5142b, Sec. 3, Vernon's
Civil Statutes).

Article 5142, Revised Civil Statutes, as amended by
Chapter 269, 45th Legislature, provides in part:

"There may be appointed, in the manner herein-
after provided, discreet persons of good moral char-
acter to serve as juvenile officers for periods not
to exceed two (2) years from date of appointment.

"....

"....In counties having a population of less
than seventy-five thousand (75,000), one juvenile

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

officer may be appointed by the Commissioners'
Court, when in their opinion such officer is need-
ed, who shall receive a compensation not to exceed
One Hundred and Twenty-five Dollars ($125) per
month.....

" ....

"Salaries of paid juvenile officers and their
assistants shall be fixed by the Commissioners
Court, not to exceed the sums herein mentioned, and
any bill for the expenses not exceeding the sums
herein provided for, shall be certified by the
County Judge as being necessary in the performance of
the duties of a juvenile officer. The Commissioners
Court of the county shall provide the necessary funds
for the payment of salaries and expenses of the juven-
ile officers provided for in this Act. The appoint-
ment of said juvenile officers shall be filed in the
office of the Clerk of the County Court. Juvenile
officers shall take oath to perform their duties and
file such oath in the office of the County Clerk.
As a basis for reckoning the population of any county
the preceding Federal Census shall be used....."

Under the above quoted portions of Article 5142, the
commissioners' court of Johnson County, Texas, may appoint one
juvenile officer for said county, if, in the opinion of said
County, such officer is needed.

Trusting that the above answers your question, we re-
main

APPROVED JAN 23, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

D. Burle Daviss
Assistant

DBD:AW